**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Reysla Lopes Ubagai,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07569-PHX-KML

**ORDER**

In June 2026, petitioner Reysla Lopes Ubagai filed her first petition challenging her immigration detention. *Ubagai v. Noem*, No. 2:26-cv-04376-PHX-KML, Doc. 1 (filed June 22, 2026). Ubagai moved to amend her petition a few weeks later and the court denied the amended petition on August 20, 2026. *See Ubagai v. Noem*, No. CV-26-04376-PHX-KML, 2026 WL 2444674, at *3 (D. Ariz. Aug. 20, 2026). In that order, the court addressed Ubagai's challenge to her "May 2026 New Jersey aggravated assault conviction." *Id*. at *1.

Through counsel, Ubagai filed a second habeas corpus petition in October 2026. (Doc. 1.) The focus of that petition is a May 2026 development in Ubagai's New Jersey case. (Doc. 1 at 2, 7-8, 11-12.) After respondents addressed the duplicative nature of relief Ubagai was seeking, the court ordered Ubagai's counsel to address the abuse-of-the-writ doctrine in her reply. (Doc. 8.) "The abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (simplified). When the doctrine is raised, a second or successive habeas petition "must be dismissed unless the petitioner can show (1)

cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011); *see also In re Aldama Aleman*, 182 F.4th 1064 (5th Cir. 2026) (noting court may raise abuse-of-the-writ sua sponte); *Barapind v. Reno*, 225 F.3d 1100, 1111, n.6 (9th Cir. 2000) (implying district court may dismiss for abuse of the writ sua sponte if it has "provide[d] petitioner with opportunity to respond to [the] charge").

The court ordered Ubagai's counsel to address abuse of the writ, mandating the reply "be filed consistent with the deadline imposed by D. Ariz. General Order 26-09." (Doc. 8.) D. Ariz. General Order 26-09 required counsel to file her reply within "3 calendar days after the filing of an answer." (Doc. 3-1 at 3.) Respondents filed their answer on October 23, 2026, making Ubagai's reply due October 26, 2026. Nothing has been filed.

Ubagai's recent petition raises "claims that were or could have been raised in [her] prior habeas petition." *Eldridge*, 70 F.4th at 551 (simplified). And Ubagai has not presented any evidence or argument establishing "(1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo*, 645 F.3d at 1042. Her petition is dismissed as an abuse of the writ.

Accordingly,

**IT IS ORDERED** dismissing the petition (Doc. 1). The Clerk of Court shall enter judgment and close this case.

Dated this 29th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge